**Charles O. PORTER, Appellant,**

**v.**

**Christian A. HERTER, Individually and**
**as Secretary of State, Appellee.**

**No. 15394.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 31, 1960.

Decided April 14, 1960.

Petition for Rehearing En Banc
Denied May 9, 1960.

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

Mr. Joseph L. Rauh, Jr., Washington, D. C., with whom Mr. John Silard, Wash-ington, D. C., was on the brief, for appellant.

Mr. Kevin T. Maroney, Atty., Department of Justice, Washington, D. C., for appellee.

Mr. George B. Searls, Atty., Department of Justice, Washington, D. C., also entered an appearance for appellee.

Before Mr. Justice BURTON, retired,* and DANAHER and BASTIAN, Circuit Judges.

## PER CURIAM.

Appellant is a member of Congress representing the 4th Congressional District of the State of Oregon. On August 7, 1958, a passport was issued to him upon which appeared the following: "This passport is not valid for travel to the following areas under control of authorities with which the United States does not have diplomatic relations: Albania, Bulgaria, and those portions of China, Korea and Viet Nam under Communist control." On June 10, 1959, he applied to the Department of State for permission to visit Red China, asserting "A member of Congress has a right to go anywhere in the world to do his duty as a U.S. legislator as he sees it, except in time of war or emergency. Any other policy would seem to be an unconstitutional breach of the separation of powers." Appellant's application was denied.

Appellant then instituted his suit in the District Court asserting that the Secretary's action was in violation of appellant's rights under the Passport Act of 1926 [1] and the Constitution of the United States. He asked for an injunction to restrain the Secretary from withholding passport facilities and for other relief, and for an order compelling the Secretary to remove the limitation upon appellant's use of the passport for travel to China. He sought summary judgment, but the District Court granted the

---

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

1. Act of July 3, 1926, 44 Stat. 887, 22 U.S. C.A. § 211a.

Secretary's cross motion for summary judgment and dismissed the complaint. This appeal followed.

The record before us demonstrates that appellant as a member of the Committee on Post Office and Civil Service in the House of Representatives had been authorized to travel in behalf of the Committee and in an official capacity to Okinawa and Japan to investigate personnel problems of overseas employees.

■■ He had no comparable authorization from Congress or from any of its committees to travel in Communist China. Although he is a member of Congress, that status alone does not entitle him to be exempted from regulations or orders of the Executive Department in matters within the latter's constitutional competence. We do not have before us a conflict between the legislative and executive branches of the Government in the course of which the respective branches assert and seek to apply opposing constitutional claims. The issue here is merely between a claim of an inherent right asserted in his individual capacity by a member of the legislative branch, and the plenary power of the executive branch asserted by it in relation to and in its conduct of the Nation's foreign affairs.[2] Under such circumstances the individual Congressman must conform to the regulations pertaining to passports which apply to all citizens and which have been authorized by the branch of the Government having jurisdiction over the subject.

■ Viewed in this light, appellant's rights are subject to the considerations discussed in Worthy v. Herter, 106 U.S. App.D.C. 153, 270 F.2d 905, certiorari denied, 1959, 361 U.S. 918, 80 S.Ct. 255, 4 L.Ed.2d 186 and Frank v. Herter, 106 U.S.App.D.C. 54, 269 F.2d 245, certiorari denied, 361 U.S. 918, 80 S.Ct. 256, 4 L.Ed.2d 187. We deem the principles

announced in those cases to be controlling here.

Accordingly, the judgment of the District Court is

Affirmed.

---

**2.** See Exec. Order, March 31, 1938, No. 7856, 3 Fed.Reg. 681, 687 (1938), as codified in 22 C.F.R. § 51.75 (1958); cf. 8 U.S.C.A. § 1185; Proclamation No. 3004, Jan. 17, 1953, 18 Fed.Reg. 489 (1953) and 22 C.F.R. §§ 53.1–.7 (1958), 67 Stat. c. 31.